Elsie SCHAFFNER, Plaintiff,

v.

HISPANIC HOUSING DEVELOP-MENT CORPORATION, Woodstock Preservation Corporation, d/b/a Mapletree Apartments, Inc. and Crystal Lake Preservation Corporation d/b/a Crystal Terrace Apartments, Defendants.

No. 98 C 3353.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 24, 1999.

Brian Dennis McCarthy, Schoenberg, Fisher, Newman & Rosenberg, Ltd., Chicago, IL, Robert William Funk, IL, Schirott & Luetkehans, P.C., Itasca, IL, James Thomas Harrison, Harrison Law Offices, P.C., Woodstock, IL, Joseph P. Selbka, Harrison Law Offices, P.C., Woodstock, IL, for Elisie Schaffner.

James R. Sneider, John Regis Joyce, Sneider & Joyce, Northfield, IL, Ronald A. Damashek, Holleb & Coff, Chicago, IL, for Hispanic Housing Development Corp., Woodstock Preservation Corp., Crystal Lake Preservation Corp.

Ronald A. Damashek, Holleb & Coff, Chicago, IL, Julie Lynn Schulz, Raquel Brito DaFonseca, Holleb & Coff, Chicago, IL, for Mapletree Apartments, Inc.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

This age discrimination lawsuit arose when Elsie Schaffner was demoted and then fired from her jobs as manager of several apartment complexes run by Hispanic Housing Development Corp. ("HHDC"). Ms. Schaffner's immediate supervisor signed an affidavit stating that her own boss directed her to downgrade a positive performance review because Ms. Schaffner was close to retirement and made various derogatory remarks that Ms. Schaffner was too old for the job. After Ms. Schaffner was fired, she complained to

the EEOC and, when she received her right to sue letter, filed this lawsuit. Despite controverting the very material facts which constitute the core of the plaintiff's case, the defendants move for summary judgment. I deny the motion.

Ms. Schaffner was hired by HHDC as resident manager of Mapletree Apartments in Woodstock, Illinois, in April 1995 and was made manager of the Crystal Terrace Apartments in June 1995. Her immediate supervisor was Rosa Ordext, and both worked under Dilia Saeedi, HHDC Vice President for Property Management. In August 1995, according to her affidavit, Ms. Ordext wrote a glowing evaluation of Ms. Schaffner's performance, but was told by Ms. Saeedi that she did not want Ms. Schaffner to get such a good evaluation because she "was getting close to retirement and they didn't want to spend time and energy on her." Ms. Saeedi directed that the evaluation be changed, and Ms. Ordext refused. (She was also later fired.)

Sometime afterwards, according to the affidavit, Ms. Ordext discovered that Ms. Schaffner's evaluation had been revised to reflect a more negative appraisal. Between June and December 1995, Ms. Saeedi made several remarks to Ms. Ordext referring to Ms. Saeedi's age in a negative and demeaning way, which she took to imply that Ms. Schaffner was too old for the job and that HHDC "could not teach an old dog new tricks." According to the defendants, Ms. Ordext did not really mean what she said in the affidavit, which was prepared by Ms. Schaffner's attorneys and merely signed by her, and defendants also deny that there was ever a second altered performance review. In a November 1995 meeting to discuss the review, Ms. Saeedi also mentioned retirement to Ms. Schaffner.

In November 1995, Ms. Schaffner was demoted to administrative aide at both apartment complexes and her pay was cut by two dollars an hour. She was replaced as resident manager by Lourdes Santiago, who was under 40 years old. In March 1997, when Ms. Schaffner was 62, she was fired, purportedly for negligence, poor work, and bad attitude. Ms. Schaffner sued her employers for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 291, et seq. (the "ADEA") (Count I), as well as under several state law counts.

Summary judgment is appropriate where there is no material issue of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Mt. Sinai Hospital Medical Center v. Shalala, 1999 WL 974100, at *3 (7th Cir. Oct. 26, 1999). I take the facts in the light most favorable to the party opposing the motion, Fulk v. United Transp. Union, 160 F.3d 405, 407 (7th Cir.1998), but the nonmoving party has the burden of coming forward with enough evidence so that a rational jury could find for it at trial. Anderson v. Liberty Lobby, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[I]ntent and credibility are crucial issues" in employment discrimination cases, and therefore the summary judgment standard is "applied with added rigor" in such cases, Huff v. UARCO, Inc., 122 F.3d 374, 380 (7th Cir.1997); this means that the defendants get cut no slack, although the plaintiff must of course come forward with enough to defeat the motion.

█ A plaintiff may prove age discrimination using the familiar indirect, burden-shifting method of proof of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), or, as here, with direct evidence. Direct evidence of discrimination is evidence which can be interpreted as an acknowledgment of discriminatory intent. Kormoczy v. Secretary, U.S. Department of Housing and Urban Development, 53 F.3d 821, 824 (7th Cir.1995). Such intent may be found in an employer's statement that reveals hostility to older workers, Wichmann v. Bd. of Trustees of Southern Ill. Univ., 180 F.3d 791, 801 (7th Cir.1999). Such a statement may stop short of a virtual admission of illegality, Miller v.

*Borden, Inc.,* 168 F.3d 308, 312 (7th Cir. 1999), although isolated comments that by themselves amount to no more than stray remarks will not suffice. *Sheehan v. Donlen Corp.,* 173 F.3d 1039, 1044 (7th Cir. 1999). Remarks reflecting a propensity by the decisionmaker to evaluate employees based on illegal criteria, however, will suffice. *Id.*

■ A reasonable jury could conclude here that there was direct evidence of discrimination. The defendants argue that the only testimony that Ms. Schaffner can report from direct knowledge is Ms. Saeedi's reference to retirement in the November 1995 meeting, which defendants characterize as a stray or isolated remark made eighteen months before she was fired, although immediately before she was demoted. The proximity of the remark to Ms. Schaffner's demotion, however, would be adequate to support an inference of discrimination. *Gleason v. Mesirow Financial, Inc.,* 118 F.3d 1134, 1140 (7th Cir. 1997) ("To be probative of discrimination, isolated comments must be contemporaneous with the [adverse action] or causally related to the ... decision-making process").

Moreover, there are also the facts and statements reported in Ms. Ordext's affidavit, which clearly constitute direct evidence of age discrimination. Defendants argue that because Ms. Ordext cannot recall verbatim the many derogatory age-related remarks she says Ms. Saeedi made that no rational jury could conclude that Ms. Saeedi was motivated by illegal considerations. They do not cite any legal authority for this interesting view, which I reject. A jury may take into consideration as going to the weight of the evidence the fact that Ms. Ordext cannot recall the remarks word for word. A jury might even find her testimony more credible than if she had pretended to remember verbatim conversations. It might not, but it would not be irrational if it did.

If the case is analyzed as a circumstantial evidence case under the *McDonnell Douglas* approach or under the mixed-motives approach of *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), Ms. Saeedi's remarks, admitted and disputed, could if believed provide a reasonable basis for rejecting HHDC's legitimate nondiscriminatory reasons for firing Ms. Schaffner as pretextual, which rejection may be sufficient basis to find for the plaintiff. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). If a jury believed that the performance review in the record is not the original, as defendants say, but Ms. Saeedi's altered version, as Ms. Schaffner claims, that alone would support the "suspicion of mendacity," *id.,* that would warrant a verdict for Ms. Schaffner.

Finally, defendants attempt to twist Ms. Schaffner's statement in deposition testimony that HHDC's dissatisfaction with her performance was based on things that were "[n]ot untrue, perhaps, but blown up a lot" into an admission that her performance was deficient. That is the sort of argument that gives lawyers a bad name. We are not playing "Gotcha!" here.

I Deny the defendant's motion for summary judgment on Ms. Schaffner's age discrimination claim (count I).